UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>             Plaintiff,<br><br>     v.<br><br>SCOTT KERNAN, et al.,<br><br>             Defendants. | No. 2:17-cv-1764 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by plaintiff in the Sacramento County Superior Court on June 22, 2017 (Case # 34-2017-00214499). On August 23, 2017, defendants Martella, Kernan, Muniz, Stainer, Green, and Castillo[1] removed the case to federal court and requested the court screen the complaint under 28 U.S.C. § 1915A. (ECF No. 3.) Thereafter, plaintiff filed a motion for injunctive relief (ECF No. 10) and a motion to stay (ECF No. 14). For the reasons set forth below the court will dismiss the complaint with leave to amend and recommend plaintiff's motion for injunctive relief and motion for stay be denied.

**SCREENING**

**I.  Jurisdiction**

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original

---

[1] Defendants stated in their notice of removal that Erguiza, Villafuerte, Parin, Soto, Colvin, McCall, Miranda, and Medina have not been served. (ECF No. 2 at 1.)

1

jurisdiction . . . ." 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal Courts have an independent obligation to examine their own jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

Here, plaintiff has raised several federal claims. He asserts claims under the Americans with Disabilities Act and alleges his First and Eighth Amendment rights were violated by defendants. (ECF No. 2 at 8-10, 12, 18-20.) Consequently, the court concludes that it has jurisdiction over plaintiff's claims. See Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-14 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). In turn, it may exercise supplemental jurisdiction over plaintiff's remaining state-law claims provided they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

**II.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. See, e.g., Morris v. Horel, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

////

### III. Legal Standards

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in

////

the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**IV.    Analysis**

At the outset, the court notes that plaintiff's complaint, despite having been removed from state court, is now subject to the federal rules of civil procedure. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action once it is removed from state court."). Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. Plaintiff's complaint violates this rule insofar as it attempts to bring unrelated claims against multiple defendants.

Plaintiff's complaint contains several different claims. He names as defendants: California; the California Department of Corrections and Rehabilitation ("CDCR"); Salinas Valley State Prison and Transportation; the Departmental Review Board ("DRB"); Health Care Services, Scott Kernan, Secretary of the CDCR; Michael Stainer, DRB Chairman; Clark Kelso, Receiver of CDCR health care system; Muniz; McCall; Green; Erguiza; Martella; Medina; Villafuerte; Parin; Colvin; Miranda; and various John Does. The allegations in the complaint include claims that:

(1) Defendants Kernan, CDCR, DRB, Health Care Services, Kelso, and various does have failed to create policies to protect ADA inmates (ECF No. 2 at 8-11);

(2) Defendants CDCR, DRB, Kernan, Stainer, and various Does have refused to transfer plaintiff to a vision impaired prison (Id. at 11-13);

(3) Defendants Muniz, Green, Colvin, Miranda, and various Does have interfered with plaintiff's meaningful access to the law library (Id. at 13-15);

(4) Defendants Muniz, McCall, Green, Martello, Medina, and various Does have failed to provide plaintiff with laundry exchange for more than eight months (Id. at 15-16);

(5) Defendants Martello, Medina, McCall, and various Does rejected and later cancelled his accommodation request regarding a transport vehicle with a wheelchair lift (Id. at 16-17); and

////

(6) Defendants Kernan, Stainer, Muniz, McCall, Green, Gonsalez, and various Does have retaliated against him based on lawsuits plaintiff filed (Id. at 18-20).

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). Multiple claims against a single party may be alleged in a single compliant. However, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or serious of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The fact that several of plaintiff's claims are based on alleged violations of plaintiff's rights under the ADA does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

The court is unable to discern any common questions of law or fact between plaintiff's claims. Additionally, trying to proceed with these disparate claims in a single case would be practically difficult, if not impossible. Plaintiff will be afforded an opportunity to file an amended complaint which asserts only claims arising from common events and containing common questions of law or fact. See George, 507 F.3d at 607 (holding that "[u]nrelated claims against different defendants belong in different suits."). Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party. See Fed. R. Civ. P. 18(a).

////

////

## AMENDING THE COMPLAINT

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for specific relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

# MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a motion for injunctive relief requesting that the court prevent his parole hearing set for January 11, 2018 from proceeding because he would not be given ADA accommodations during the proceeding. (ECF No. 10.) He claims the hearing would be a farce and a sham because he cannot review the records used against him, respond to questions he cannot hear, and cannot hear any witnesses.

**I.  Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, so long as plaintiff demonstrates the requisite likelihood of irreparable harm and demonstrates that an injunction is in the public interest, a preliminary injunction may issue. Additionally, serious questions going to the merits of the case must be raised and the balance of hardships must tip sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

////

may issue an injunction if it has personal jurisdiction over the parties and subject matter over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly draw, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

**II.     Analysis**

At the pleading stage, the court cannot determine questions of the claim's merits which require submission of evidence, versus a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). The court is presently unable to determine the likelihood of plaintiff's success on the merits of his claim. Therefore, the court recommends that plaintiff's motion for preliminary injunction be denied.

If plaintiff believes his due process rights were violated at the January 11, 2018 hearing, he may seek relief. He is informed, however, that this court's review of a proceeding of the Board of Parole Hearings ("BPH") is limited. See Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011) (federal courts may not intervene in a BPH decision if minimum procedural protections were provided, i.e., and a statement of the reasons why parole was denied). Prisoners received due process where "they were allowed to speak at their parole hearings and to contest the

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C.§ 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1  evidence against them, were afforded access to their records in advance, and were notified as to
2  the reasons why parole was denied." Swarthout, 562 U.S. at 220.

## MOTION TO STAY

Plaintiff requested the case be stayed due to his vision and hearing impairments. (ECF No. 14 at 1.) Plaintiff states that three cases he filed in state court were removed to federal court and he could not read and respond to the "flood of orders" he received from this court. The other two cases removed have since been dismissed. (See Walker v. Kernan, No. 2:17-cv-2191 TLN AC, ECF No. 19; Walker v. CDCR, 2:17-cv-2124, ECF No. 14.) He argues that a stay is necessary to determine whether ADA accommodations are warranted in this action.

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Plaintiff must show that a stay is necessary. Clinton v. Jones, 520 U.S. 681, 708 (1997) "[T]he proponent of the stay bears the burden of establishing its need.").

Plaintiff cites no legal authority for his argument that the case should be stayed. Instead, plaintiff argues a stay is warranted because he has difficulty reading and responding to filings from defendants and the court. However, plaintiff's assertion is contradicted by his filings in this action and the other two actions removed to this court. They show he is capable of drafting and filing legal documents and responding to materials filed by the court and opposing parties. (See generally docket case Nos. Walker v. Kernan, No. 2:17-cv-1764 KJM DB; Walker v. Kernan, No. 2:17-cv-2191 TLN AC; Walker v. CDCR, 2:17-cv-2124 JAM CKD.) Specifically, plaintiff's reply to defendants' opposition to plaintiff's request for accommodations shows that he was able to read and review defendant's motion and prepare his own responsive filing. (ECF No. 13.)

There is no indication the documents were prepared by anyone other than plaintiff. The record before the court fails to demonstrate that plaintiff is incapable of proceeding in the present case without court-ordered assistance with reading, writing, and hearing.

Accordingly, the court will recommend plaintiff's motion for stay (ECF No. 14) be denied, without prejudice.

**CONCLUSION**

For the reasons set forth above IT IS HEREBY ORDERED that plaintiff shall submit an amended complaint that complies with the requirements of this order within thirty days. Plaintiff is informed that failure to file an amended complaint may result in a recommendation for dismissal of this action for failure to prosecute.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for injunctive relief (ECF No. 10) be denied; and
2. Plaintiff's motion for stay (ECF No. 14) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 2, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/walk1764.scrn.pi.31