UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1764 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Americans with Disabilities Act ("ADA") by failing to provide him with necessary accommodations.

This action was initially filed in the Sacramento County Superior Court. Defendants removed the case to federal court and requested the court screen the complaint under 28 U.S.C. § 1915A. (ECF No. 3.) The court screened the complaint and found it violated Federal Rule of Civil Procedure 20(a)(2). Plaintiff was directed to file an amended complaint asserting only claims arising from common events and containing common questions of law or fact. (ECF No. 15 at 5.)

Presently before the court is plaintiff's First Amended Complaint (ECF No. 16) for screening. For the reasons set forth below, the court will dismiss the complaint for failure to state a claim and grant plaintiff one final opportunity to amend.

////

1

**SCREENING**

I.  **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

>. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Amended Complaint**

Plaintiff names as defendants in this action: (1) Scott Kernan; (2) Michael Stainer; (3) W. L. Muniz; (4) K. Green; (5) C. Martella; (6) J. Clark Kelso; (7) California Department of Corrections and Rehabilitation ("CDCR"); (8) Salinas Valley State Prison; (9) Health Care Services. (ECF No. 16 at 2-3.)

Plaintiff claims CDCR has a policy of stating the ADA and the Rehabilitation Act ("RA") does not apply to state prisoners and therefore refusing and failing to enact any rules or regulations within Title 15 California Code of Regulations for ADA accommodations. (ECF No. 16 at 3.) Plaintiff states he is a full-time wheelchair occupant due to vision, hearing, and mobility impairments. (ECF No. 16 at 3.) Plaintiff claims defendants have refused to provide him with hearing aids, laser eye surgery, and a high-volume amplifier. Plaintiff also states defendants have denied his requests seeking statewide accommodations for inmates going blind including talking

book cartridges, large print prison rule books and reading books, enhanced cell lighting, hand-held magnifiers, magnifying mirrors for shaving, safe areas on the yard free of flying balls, large print CDC forms, and braille classes.  (ECF No. 16 at 13.)

**III.   Does Plaintiff State a Claim?**

    **A. ADA Claim**

        **1. Legal Standards**

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). The Supreme Court has held that Title II of the ADA applies to state prisons.  Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v. City of L.A., 250 F.3d 668, 691 (9th Cir. 2001).

"Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'"  Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978.

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is

4

substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

Although "[t]he ADA prohibits discrimination because of disability," it does not provide a remedy for "inadequate treatment for disability." Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.")).

### 2. Analysis

At the outset, the court notes that plaintiff has named as a defendant in this action Receiver J. Clark Kelso. See Plata v. Schwarzenegger, et al., Case No. C01-1351 THE (N.D. Cal. Jan. 23, 2008) (appointing Kelso). As a federal receiver, Kelso is entitled to quasi-judicial immunity in the exercise of his professional discretion. See e.g., Singletary v. Duffy, No. 2:15-cv-1231 KJN P, 2015 WL 4751164, at *3 (E.D. Cal. Aug. 11, 2015). Accordingly, Kelso is not a proper defendant in this action.

To the extent plaintiff intends to sue the individual named defendants for violation of his rights under the ADA, they are not proper defendants in this action. The proper defendant in ADA actions is the public entity responsible for the alleged discrimination. U.S. v. Georgia, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

Plaintiff may not bring a § 1983 action against defendants in their individual capacities based on allegedly discriminatory conduct. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). However, plaintiff may state a claim against the institution or a defendant in his or her official capacity. See Miranda B v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003)

(citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); Kentucky v. Graham, 473 U.S. 159, 166 (1985) (official capacity suit should be treated as a suit against entity).

Plaintiff claims defendants have violated his rights under the ADA because he has requested various accommodations including a high-volume amplifier, hearing aids, and laser eye surgery, and they have all been denied. Plaintiff appears to imply that defendants have denied him various accommodations based on his history of litigation against CDCR and CDCR employees. However, such allegations are not sufficient to show that he is being excluded from participation in or denied the benefits of the prison's services, programs, or activities. See Forestier Fradera v. Municipality of Mayagueaz, 440 F.3d 17, 23 (1st Cir. 2006) (delay in providing accommodation due to "political discrimination" not sufficient to support ADA claim).

In order to state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). Plaintiff has alleged no facts demonstrating such exclusion or denial. While plaintiff alleges defendants have denied his requests he does not connect the denials of his requested accommodations to an exclusion or denial of a prison service, program, or activity. Further, plaintiff's allegations of inadequate medical care do not state a claim under the ADA. Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); see also Simmons, 609 F.3d at 1022 (Inadequate or negligent medical treatment alone does not constitute an unlawful failure to accommodate under the ADA or the Rehabilitation Act.).

Accordingly, the complaint does not contain sufficient facts to state a claim for violation of his rights under the ADA.

### B. Eighth Amendment Claim

#### 1. Legal Standards

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.

6

Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

A prison official's failure to provide accommodations for a disabled inmate may constitute deliberate indifference to the inmate's safety in violation of the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998); see also La Faut v. Smith, 834 F.2d 389, 393 (4th Cir. 1987) (prison officials ignored the basic needs of a handicapped individual and postponed addressing those needs out of mere convenience or apathy); Johnson v. Hardin County, Kentucky, 908 F.2d 1280, 1284 (6th Cir. 1990) (denial of crutches and other accommodations for those who are mobility-impaired); Casey v. Lewis, 834 F.Supp. 1569, 1580 (D.Ariz.1993) (physical accommodations necessary because of disabilities); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998) (allegations that officials denied accommodation where a leg brace was required for walking). In Frost, La Faut, Bradley, and Casey, the courts characterized the plaintiffs' accommodation claims as a conditions of confinement issue. In Johnson, the court evaluated the plaintiff's accommodation claim as an inadequate medical care issue. In any event, issues of inhumane conditions of confinement, failure to attend to medical needs, failure to provide for an inmate's safety, or some combination thereof, are appropriately scrutinized under the "deliberate indifference" standard. See Whitely v. Albers, 475 U.S. 312, 319 (1986).

The deliberate indifference standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial

////

7

risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Analysis

Plaintiff claims that defendants have violated his rights under the Eighth Amendment.  However, it is unclear from the allegations contained in the complaint, what specific actions plaintiff claims violated his Eighth Amendment rights.  To the extent plaintiff claims defendants' denial of laser eye surgery has violated his right to adequate medical care, there are not sufficient facts contained in the complaint to determine whether or not plaintiff has stated a claim.  Based on the allegations in the complaint, it appears there may be disagreement between outside medical consultants and prison medical officials regarding proper course of medical treatment.

"[T]he Eighth Amendment does not require that prisoners receive 'unqualified access to health care.'"  Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).  A difference of opinion between a prison-patient and prison medical authorities regarding proper treatment does not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The facts alleged in the complaint indicate that plaintiff has consulted outside medical professionals recommend laser eye surgery.  However, the fact that a doctor has recommended surgery is not sufficient to show that plaintiff's Eighth Amendment right to adequate medical care has been violated.  Plaintiff has failed to allege sufficient facts to state a claim under the Eighth Amendment.

////

////

# AMENDING THE COMPLAINT

As set forth above plaintiff fails to state a claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

////

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 16) is dismissed with leave to amend for failure to state a claim.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: February 13, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/walk1764.scrn(2)