UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:17-cv-1764 KJM DB P<br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants conspired to retaliate against him because he named them as defendants in lawsuits. Presently before the court is plaintiff's second amended complaint (ECF No. 22) for screening. For the reasons set forth below, the court will give plaintiff the option to proceed with the second amended complaint as screened, or file an amended complaint.

**BACKGROUND**

    This action was initially filed in the Sacramento County Superior Court. Defendants removed the case to federal court and requested the court screen the complaint under 28 U.S.C. § 1915A. (ECF No. 3.) The court screened the complaint and found it violated Federal Rule of Civil Procedure 20(a)(2). Plaintiff was directed to file an amended complaint asserting only claims arising from common events and containing common questions of law or fact. (ECF No. 15 at 5.)

////

1

By order dated, February 13, 2019, the court screened and dismissed plaintiff's first amended complaint for failure to state a claim. (ECF No. 19.) Plaintiff has now filed a second amended complaint. (ECF No. 22.)

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Second Amended Complaint**

Plaintiff names as defendants in this action: (1) Scott Kernan; (2) Michael Stainer; (3) W. L. Muniz; (4) K. Green; (5) K. Kumar; (6) A. Huynh; (7) D. Bright; (8) L. Gamboa; (9) M. Simpson; (10) E. Vargas; (11) C. Martella; and (12) T. Deslaurier-Rixman. (ECF No. 22 at 2.)

Plaintiff has generally alleged that defendants have conspired to retaliate against him by denying his requests for medical treatment and ADA ("Americans with Disabilities Act") accommodations because of his history of filing lawsuits challenging various California Department of Corrections and Rehabilitation ("CDCR") policies.

////

////

3

### III. Does Plaintiff State a § 1983 Claim?

#### A. Potentially Cognizable Claims

Plaintiff claims defendants Green and Kumar instructed California State Library personnel not to issue or supply plaintiff with a high-volume Braille & Talking Books player in September and October 2017, stating plaintiff had no hearing problems, even though they were aware that plaintiff had profound hearing loss in both ears. He claims Green and Kumar denied plaintiff a high-volume player in retaliation for being named in a state court action that was later removed to federal court. (ECF No. 22 at 4.)

Plaintiff further alleges that Muniz, Green, and Martella prevented him from receiving Braille & Talking Books cartridges by intercepting his mail. Plaintiff also claims these defendants retaliated because they were named in a state court action that was later removed to federal court. (ECF No. 22 at 4.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged defendants Green, Kumar, Muniz, and Martella took adverse action against him because he exercised his First Amendment rights by naming them as defendants in a lawsuit. The court finds these allegations minimally sufficient to state a potentially cognizable claim for the purposes of § 1915A.

#### B. Allegations that Fail to State a Claim

The court finds that the remainder of plaintiff's allegations are too general and speculative to state a claim. The court has identified various deficiencies in the complaint and will provide plaintiff with the option to file an amended complaint. However, plaintiff is again advised that unrelated claims against unrelated parties should not be brought in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be

rejected). Additionally, if plaintiff files an amended complaint he is cautioned that all the claims will be subject to screening pursuant to § 1915A.

### 1. Conspiracy

Plaintiff has alleged generally that defendants have conspired against him because he filed administrative grievances and lawsuits challenging CDCR policies. (ECF No. 22 at 1-2.) However, in the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has concluded that various groupings of defendants conspired to violate his rights. However, plaintiff has not included any facts to support his allegation. A mere allegation of conspiracy without factual specificity is not sufficient to state a claim. See Karim Panahi, 839 F.2d at 626; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Accordingly, plaintiff has not stated a cognizable conspiracy claim.

### 2. ADA

Plaintiff has not specifically stated in the second amended complaint that he intends to assert a claim under the ADA.[1] However, plaintiff has alleged that defendants conspired to deny him ADA accommodations in retaliation for his pursuit of grievances and lawsuits aimed at CDCR policies. Thus, the court will address plaintiff's allegations under the ADA.

In order to state a claim, a plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of

---

[1] Plaintiff states he seeks relief "against defendants for violations of [his] right to be free of cruel and unusual punishment, deliberate indifference to serious medical needs, retaliation, conspiracy to interfere with civil rights, and neglect in preventing retaliatory conspiracy to interfere with civil rights, violative of plaintiff's guarantees under the First, Eighth, and Fourteenth Amendment[s]." (ECF No. 22 at 1-2.)

5

deliberateness." Duvall v. County of Kitsap, 260 F.3d 1124, 1140 (9th Cir. 2001). The allegations in the complaint are too conclusory to show that plaintiff has stated a cognizable ADA claim. Plaintiff has not stated facts indicating that he requested specific reasonable and necessary accommodations that were denied as a result of conduct that was more than negligent.

Accordingly, plaintiff has failed to state a cognizable ADA claim.

Additionally, plaintiff's allegations that defendants Kernan and Stainer have not published prison regulations setting forth generalized accommodations, are insufficient to state a claim. Prisons are required to comply with the ADA. Pennsylvannia Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998). However, there is nothing in the ADA to indicate that CDCR officials are required to set out specific regulations regarding disabled inmates. In fact, after the public entity, has been notified that an accommodation is required, the public entity must "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation" and must "consider the particular individual's need when conducting an investigation into what accommodations are reasonable." Duvall, 260 F.3d at 1139.

### 3. Due Process and Equal Protection

Plaintiff states that defendants denied him "Due Process and Equal Protection by operating the Departmental Review Board under 'Star Chamber' methods of no notice hearings, no right to appear, no right to confront witnesses or evidence, no right to know decision, and adoption of a self-protecting regulation which prohibits an administrative appeal as Title 15 CCR section 3371.1(a)."[2] (ECF No. 22 at 3-4.)

Plaintiff cannot state a claim for deprivation of his right to due process without first establishing a liberty interest. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protections must establish that one of these interests is at stake.). Plaintiff appears to allege that his rights were violated during Departmental

---

[2] Cal. Code Regs. Tit. 15 § 3371.1(a) provides: "The method of computing time and applying credit to an inmate's term is governed by the laws applicable on the date the inmate's crime is committed."

6

Review Board hearings, which provide final review of classification issues, during classification hearings. Cal. Code Regs. tit. 15, § 3376.1. However, plaintiff has no right to any particular classification. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Plaintiff's allegations fail to show that defendants violated his due process rights because he has not established a liberty interest in any particular classification.

An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). Disability is not a suspect class for Equal Protection purposes. Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008). The complaint does not contain any facts explaining how plaintiff was treated differently from other similarly situated individuals.

Accordingly, plaintiff has not stated a cognizable equal protection claim.

### 4. Eighth Amendment

Plaintiff alleges Muniz, Green, and Martella conspired to deny and deprive plaintiff the right to seek an accommodation under the ADA and that this conspiracy prevented plaintiff from receiving prescribed medical care. (ECF No. 22 at 3-4.)

A prison official's failure to provide accommodations for a disabled inmate may constitute deliberate indifference to the inmate's safety in violation of the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998); see also La Faut v. Smith, 834 F.2d 389, 393 (4th Cir. 1987) (prison officials ignored the basic needs of a handicapped individual and postponed addressing those needs out of mere convenience or apathy); Johnson v. Hardin County, Kentucky, 908 F.2d 1280, 1284 (6th Cir. 1990) (denial of crutches and other accommodations for those who are mobility-impaired); Casey v. Lewis, 834 F.Supp. 1569, 1580 (D.Ariz.1993) (physical accommodations necessary because of disabilities); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998) (allegations that officials denied accommodation where a leg brace was

7

required for walking).

However, plaintiff has not alleged specific facts showing what medical care he was prescribed or how these individuals interfered with his medical treatment. Nor has he stated with specificity when these deprivations occurred. In order to state a claim, plaintiff must state facts sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and quotations omitted).

Accordingly, the facts alleged are not sufficiently specific to state a cognizable claim.

### 5. Newly Added Unrelated Claims

Included for the first time in the Second Amended complaint are allegations against defendants Bright, Simpson, Gamboa, Huynn, and Vargas. (ECF No. 22 at 5-6.) Plaintiff alleges his cane was taken from him, causing him to fall. After receiving treatment at an outside hospital plaintiff was transferred to a facility where he could receive a higher-level of hospital care. Plaintiff further claims some of his personal property was damaged or confiscated during his hospitalization and transfer.

These allegations were not included in either of the previously filed complaints, and in fact, had not yet occurred when plaintiff initiated this action. As plaintiff was previously advised, separate claims against different defendants belong in different suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

Accordingly, the court will not analyze these allegations to determine if he has stated a potentially cognizable claim. Plaintiff is advised to file a separate complaint regarding this series of events if he wishes to pursue a § 1983 claim based on these allegations.

////

////

**IV.     Filing an Amended Complaint**

As set forth above, plaintiff may, but is not required to file an amended complaint. Plaintiff is advised that if he chooses to amend the complaint he must adhere to the following standards for stating claims for relief under § 1983.

- Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. To state a claim for relief under §1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a). The complaint must contain more that an formulaic recitation of the elements of a cause of action. Bell Atlantic Corp., 550 U.S. at 555.

- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). Each separate claim should be contained in a separate, numbered set of paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

9

transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George, 507 F.3d at 607 (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).
- Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated a potentially cognizable retaliation claim against defendants Green, Kumar, Muniz, and Martella. The court finds that the complaint does not contain any other cognizable claims.

2. Plaintiff has the option to proceed immediately on his retaliation claim against Green, Kumar, Muniz, and Martella as set forth in Section III above, or to amend the complaint.

////

3. Within fourteen days of the date of service of this order plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 8, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/walk1764.scrn(3)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1764 KJM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_　　Plaintiff wants to proceed immediately on his retaliation claims against defendants Green, Kumar, Martella, and Muniz. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_　　Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Ronnie R. Govea

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

12