UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No.  2:17-cv-1764 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants conspired to retaliate against him because he named them as defendants in lawsuits.  Presently before the court are plaintiff's motions for legal materials.  (ECF Nos. 38, 40.)

By order dated May 26, 2020, this action was stayed for 120 days as part of the court's Alternative Dispute Resolution (ADR) Pilot Program.  (ECF No. 36.)  A settlement conference is scheduled for November 3, 2020.  (ECF No. 39.)  Accordingly, the court will extend the stay through November 3, 2020.

Plaintiff has filed two motions requesting that the court compel officials at California Health Care Facility ("CHCF") to provide him with his legal materials.  (ECF Nos. 38, 40.)  In the first motion, he states that when he was transferred to CHCF on January 17, 2020 his legal files, books, and materials were seized.  Thereafter, he filed an administrative grievance that was rejected four times and later cancelled.  He argues he needs the requested materials in order to prepare discovery requests.  (ECF No. 38 at 2.)  Plaintiff's second motion contains allegations

1

regarding plaintiff's long history of disagreements with prison officials' decisions denying various disability accommodations. (ECF No. 40.) He seeks an order from the court "grant[ing] and shap[ing] ADA [(Americans with Disabilities Act)] accommodations and order[ing] defendant[1] Department of Corrections, and its employees, to forthwith implement and provide those accommodations." (ECF No. 40 at 12.)

Defendants argue in their opposition that plaintiff's motion should be denied because it is directed toward non-party officials at CHCF. Additionally, they have confirmed that plaintiff does not have any property in storage at CHCF. Finally, they argue plaintiff has not alleged any harm. (ECF No. 41.)

A party requesting injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the

---

[1] The court notes that the California Department of Corrections and Rehabilitation was not named as a defendant in the operative complaint. (See ECF No. 22.)

claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2] The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987).

Defendants have indicated plaintiff does not have any property in storage at CHCF. (ECF No. 41.) Because there are no pending deadlines in this action and the case is presently stayed as part of the court's Alternative Dispute Resolution (ADR) pilot program, plaintiff does not have any immediate need to access materials to prepare discovery requests. Thus, plaintiff has not shown that he will suffer irreparable harm should this motion be denied. In the event the parties fail to settle, plaintiff may file a renewed motion seeking access to his materials.

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Additionally, plaintiff's request for this court to promulgate accommodations and mandate that non-parties enforce such accommodations should be denied because the court cannot provide relief that is unrelated to plaintiff's underlying claim.  See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself.").  To the extent plaintiff argues CDCR has failed to accommodate his disability in violation of the ADA, he may file a separate civil action after exhausting administrative remedies.

For the reasons set forth above, IT IS HEREBY ORDERED that the stay in this action is extended through November 3, 2020.

IT IS HEREBY RECOMMENDED that plaintiff's motions for release of legal materials (ECF Nos. 38, 40) be denied without prejudice to its renewal should the parties fail to reach a settlement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 12, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/walk1764.docs