UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1764 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff claims that defendants conspired to retaliate against him because he named them as defendants in prior lawsuits. Presently before the court is plaintiff's fully briefed motion for sanctions. (ECF Nos. 52, 55, 58.) For the reasons set forth below, the court will deny plaintiff's motion for sanctions without prejudice.

**I.     Background**

This action proceeds on plaintiff's second amended complaint. (ECF No. 22.) Therein, plaintiff argues defendants retaliated against him because he has filed lawsuits against them. The court found service was appropriate for defendants Green, Kumar, Martello, and Muniz. (ECF No. 23.) Thereafter, this action was referred to the court's Alternative Dispute Resolution Program. (ECF No. 36.) Before the settlement conference was held, plaintiff filed two motions seeking the release of his legal files. (ECF Nos. 38, 40.) Defendants filed an opposition to

plaintiff's first motion to compel production of his legal files.  (ECF No. 41)  Therein, defendants provided a statement from prison officials indicating that plaintiff did not have any property in storage.  (ECF No. 41 at 7.)  The motion was denied (ECF No. 44), and a settlement conference was held on November 3, 2020.  (ECF No. 49.)  The case did not settle.  Thereafter, plaintiff filed the instant motion seeking sanctions.  (ECF No. 52.)

### A.  Plaintiff's Motion

Plaintiff's motion alleges that sanctions should be imposed because defendants knowingly deceived the court.  (ECF No. 52.)  Specifically, plaintiff alleges that in defendants' opposition to plaintiff's motion to compel release of plaintiff's legal files, defendants falsely stated California Health Care Facility (CHCF) does not have any of plaintiff's personal or legal property in storage.  (Id. at 2.)  He claims various other documents show that he has at least 15, and perhaps as many as 22, boxes of property in storage.  (Id. at 3.)  Plaintiff argues that because of defendants' actions the court should appoint counsel to represent him in this action.  (ECF No. 52 at 6.)

### B.  Defendants' Opposition

Defendants argue in their opposition that their representation to the court indicating plaintiff had no property in storage was based on Officer's Nelson's belief that plaintiff was seeking his personal, rather than legal property.  (ECF No. 55 at 2.)  They further argue that the motion should be denied because any misstatement to the court was "an inadvertent error based on miscommunication."  (ECF No. 55 at 2.)  They further state that plaintiff failed to comply with the 21-day safe harbor to correct any error before seeking sanctions.  (ECF No. 55 at 2.)

### C.  Plaintiff's Reply

Plaintiff concludes defendants acted in bad faith. (ECF No. 58.)  In his reply he ponders whether counsel's opposition constituted a new violation.  He claims that he has asked prison officials for materials and assistance in proceeding with other cases, but his requests have not been answered.

////

////

**II.     Legal Standards**

Federal courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation. The court derives the power to impose sanctions on parties or their counsel from three sources, (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927,[1] and (3) the court's inherent power. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence. A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

When evaluating the imposition of sanctions, Rule 11 requires the court to consider not whether the party demonstrated subjective good faith in filing the document, but whether the party acted objectively reasonably in doing so. G.C. K.B. Investments v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

Rule 11(c)(2) provides in part that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This is referred to as the "safe harbor" provision of Rule 11. See Fed. R. Civ. P. 11; Adv. Comm. Notes, 1992 Amend.

Federal courts also have the inherent power to sanction parties or their attorneys for improper conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). In order to impose sanctions pursuant to its inherent power, "the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" Leon v. IDX Sys.

---

[1] This section is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings which his not applicable here.

1  Corp., 464 F.3d 951, 961 (9th Cir. 2006).  "Because of their very potency, inherent powers to
2  sanction must be exercised with restraint and discretion."  Chambers, 501 U.S. at 44.
3       When evaluating whether sanctions should be imposed under Rule 11, courts conduct "a
4  two-prong inquiry to determine (1) whether the [pleading] is legally or factually baseless from an
5  objective perspective, and (2) the attorney has conducted a reasonable and competent inquiry
6  before signing and filing it."  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (internal
7  citation omitted).  The standard is not a high one and an allegation that has "some plausible basis,
8  [even] a weak one," is sufficient to avoid sanctions under Rule 11.  United Nat. Ins. Co. v. R&D
9  Latex Corp., 242 F.3d 1102, 1117 (9th Cir. 2001).
10   **III.   Analysis**
11        **A.  Safe Harbor Provision**
12       Rule 11 contains a "safe harbor" provision, whose purpose is to give the non-moving
13  party the opportunity to withdraw the offending pleading.  See Barber v. Miller, 146 F.3d 707,
14  711 (9th Cir. 1998).  This provision requires that a motion for sanctions be served on the
15  opposing party 21 days before it is filed in court.  Radcliffe v. Rainbow Const. Co., 254 F.3d 772,
16  789 (9th Cir. 2001).
17       Defendants allege plaintiff sent a letter regarding defendants' statement that plaintiff had
18  no property in storage on October 23, 2020 and that his motion for sanctions is dated November
19  4, 2020.[2]  (ECF No. 55 at 3.)  Thus, they argue that plaintiff failed to comply with Rule 11's safe
20  harbor provision.  Plaintiff claims his letter to defendants was dated October 19, 2020.  (ECF No.
21  58 at 3, 37.)
22       Plaintiff's October 19, 2020 letter fails to comply with the safe harbor provision because it
23  was sent, at the earliest, sixteen days prior to his filing the instant motion for sanctions.
24  Accordingly, the court finds that plaintiff has failed to comply with the safe harbor provision and
25  thus the court cannot impose sanctions pursuant to Federal Rule of Civil Procedure 11.
26
27  [2] Court records show that plaintiff's motion for sanctions was filed on the court's docket on
    November 12, 2020.  However, prisoner filings are deemed filed on the date that the prisoner
28  signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S.
    266, 276 (1988).

**B. Bad Faith**

Plaintiff alleges that counsel for defendants should have conducted further investigation before informing the court that plaintiff did not have any property in storage. He claims counsel acted improperly in relying on the statements provided and that the court should find that such actions were in bad faith because the statement was not corrected.

"Before awarding sanctions under its inherent powers . . . the court must make an explicit finding that the conduct 'constituted or was tantamount to bad faith.'" Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)). The term bad faith "includes a broad range of willful improper conduct." See Fink, 239 F.3d at 992. Sanctions are therefore "available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. Id. at 994. "Willful misconduct" or "conduct tantamount to bad faith" is "something more egregious than mere negligence or recklessness." In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009) (internal quotation marks and citations omitted) abrogated on other grounds by Bullard v. Blue Hills Bank, 575 U.S. 496 (2015). Sanctions should be reserved for "serious breaches," Zambrano v. City of Tustin, 885 F.2d 1473, 1485 (9th Cir. 1989), "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Examples of bad faith include "knowingly or recklessly rais[ing] a frivolous argument, or argu[ing] a meritorious claim for the purpose of harassing an opponent." In re Keegan Management, 78 F.3d 431, 436 (9th Cir. 1996). A party may also demonstrate bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d at 1058.

Plaintiff concludes that defendants have acted in bad faith. In support of this allegation he cites his history of litigation against California Department of Corrections and Rehabilitation

(CDCR) and CDCR officials. However, that plaintiff has brought cases against CDCR officials on previous occasions does not necessarily show that counsel for defendants acted in bad faith by relying on the statements of prison officials in this action. See Zambrano, 885 F.2d at 1483 (The imposition of sanctions is not warranted where the record indicated that the conduct was nothing "more than an oversight or ordinary negligence."). Reliance on statements from prison officials describes at most reckless or negligent conduct. In re Lehtinen, 564 F.3d at 1058.

Moreover, he has not alleged that the deprivation of legal property prejudiced him during the settlement conference. Nor has plaintiff identified specific documents or items that are in storage that he needs to litigate this action. In any renewed motion or future request, plaintiff should state clearly what items are necessary for him in pursuit of this action. However, the court is troubled by defendants' representation that plaintiff "had no personal or legal property" in storage when records indicate that plaintiff has as many as 15 or 22 boxes of property in storage. While the court does not find that sanctions should be imposed at this time, moving forward the court expects that all representation to the court be accurate.

Additionally, counsel for defendants will be required to contact the plaintiff to determine if there are any specific items plaintiff needs to litigate this case, subject to California Code of Regulations, title 15, section 3161.[3] Defendants shall file a statement reflecting whether plaintiff has requested and/or been provided any legal property needed to litigate this action. To the extent plaintiff seeks access for his other cases, he is advised that this court will not address his requests for access to legal materials for cases pending in other jurisdictions.

**C. Appointment of Counsel**

Plaintiff has asked that he be appointed counsel as a sanction. (ECF No. 52 at 6.) However, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

---

[3] Section 3161 states that inmates may "possess up to one cubic foot of legal materials/documents related to their active cases, in excess of the six cubic feet of allowable property in their assigned quarters/living area."

6

1  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
2  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
3        The test for exceptional circumstances requires the court to evaluate the plaintiff's
4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
5  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
6  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
7  common to most prisoners, such as lack of legal education and limited law library access, do not
8  establish exceptional circumstances that would warrant a request for voluntary assistance of
9  counsel.
10        As set forth above, the court does not find that sanctions are warranted.  Nor does the
11  court does not find the required exceptional circumstances exist to warrant the appointment of
12  counsel.  Plaintiff's filings in this action have been responsive to court orders, cite relevant legal
13  authority, and clearly state his allegations against defendants.  Thus, he has shown he can
14  articulate his claims pro se.  Accordingly, the court will deny his request for the appointment of
15  counsel.

16  **IV.  Conclusion**
17      For the foregoing reasons, IT IS HEREBY ORDERED that:
18      1.  Plaintiff's motion for sanctions (ECF No. 52) is denied without prejudice.
19      2.  Within forty-five days of the date of this order counsel for defendants shall inform the
20          court regarding the status of plaintiff's access to legal materials including any
21          necessary declarations.
22  Dated:  February 1, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7