UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:17-cv-1764 KJM DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff claims that defendants conspired to retaliate against him because he named them as defendants in prior lawsuits. Presently before the court is plaintiff's motion to vacate and/or stay the deposition. (ECF No. 60.) For the reasons set forth below, the court will deny plaintiff's motion.

Plaintiff filed a motion seeking to vacate and stay the deposition noticed for March 4, 2021. (ECF No. 60.) Plaintiff alleged that he does not have access to all the documents he needs to bring to the deposition, he was concerned that leaving his cell and reporting to the designated room where he is to participate in the deposition via videoconferencing would put him at an undue risk of contracting COVID-19, and his hearing issues prevent him from meaningfully participating in the deposition.

////

1    The court directed defendants to file a response to plaintiff's motion addressing the
2    concerns outlined above.  (ECF No. 64.)  Defendants have submitted an opposition to plaintiff's
3    motion.  (ECF No. 65.)  Therein, counsel for defendants states that plaintiff has been advised that
4    he has legal property in storage, he can get any items he needs by asking for his property to be
5    brought over, going through the boxes, and exchanging documents he needs with those that he
6    does not need for the deposition.  (Id. at 3-4.)  Counsel further stated that during a recent
7    telephone call with plaintiff, plaintiff refused to give counsel a list of the documents plaintiff
8    needs because plaintiff had already placed a list of such documents in the mail.  (Id. at 3.)

9    Counsel also contacted California Health Care Facility (CHCF), where plaintiff is
10   currently housed, regarding the spread of the COVID-19 virus.  (Id. at 4.)  Counsel was advised
11   that as of February 25, 2021, there are five inmates with COVID-19 at CHCF.  Those inmates are
12   quarantined, and plaintiff will not come into contact with them as he is escorted from his cell to
13   the videoconference room.

14   Counsel further confirmed that plaintiff has access to a pocket talker that allows him to
15   amplify volume and effectively communicate with others.  (Id.)  Counsel stated that plaintiff was
16   able to adequately communicate with counsel over the phone and with Magistrate Judge Delaney
17   during the settlement conference that took place via videoconferencing on November 3, 2020.

18   Counsel's declaration (ECF No. 65 at 3-4), shows that reasonable precautions have been
19   taken to minimize risks associated with the COVID-19 to plaintiff.  Additionally, counsel has
20   confirmed that plaintiff's hearing issues have been sufficiently accommodated to ensure he will
21   be able to meaningfully communicate during the deposition.  Finally, defendants indicate that
22   plaintiff has been advised that he can access the legal materials in storage by making a request
23   and exchanging documents needed for the deposition for those he does not need for the
24   deposition.  In light of the representations made in defendants' opposition, the court finds no
25   reason to vacate the deposition.  Plaintiff is advised that the Federal Rules of Civil Procedure
26   require him to attend and meaningfully participate in his deposition.  See Fed. R. Civ. P. 30, 37.
27   ////
28   ////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to vacate and stay the deposition (ECF No. 60) is denied.

Dated:  March 1, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/walk1764.depo.stay

3