UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | No.  2:17-cv-1764 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff claims that defendants conspired to retaliate against him because he named them as defendants in prior lawsuits.  Presently before the court is defendants' motion to compel, for sanctions, and to modify the discovery and scheduling order.  (ECF No. 67.)  For the reasons set forth below the motion will be granted in part, and denied in part.

**I.   Background**

Defendants served on plaintiff a notice of deposition, to be taken via videoconferencing.  Thereafter, plaintiff filed a motion to vacate and stay the deposition.  (ECF No. 60.)  Plaintiff argued he was concerned about the risk of contracting COVID-19 while attending the deposition, he did not have all the documents he needed for the deposition, and his hearing disability would prevent him from meaningfully participating in the deposition.

////

The court directed defendants to file a response addressing plaintiff's concerns. (ECF No. 64.) Defendants' response indicated that plaintiff has been advised that he could request the legal documents necessary by submitting a request and exchanging documents he had in his cell for those he needed for the deposition. (ECF No. 65.) They further indicated that there were presently five COVID-19 positive inmates at California Health Care Facility (CHCF) where plaintiff is housed and that they had been quarantined. Finally, counsel indicated that they confirmed plaintiff would have use of a pocket talker to amplify volume during the deposition. Additionally, plaintiff had effectively used the pocket talker to communicate during the November 3, 2020 settlement conference.

The court determined that plaintiff's concerns had been addressed and denied the motion to vacate or stay the deposition. (ECF No. 66.) The order denying plaintiff's request was issued on March 2, 2021. The deposition was set to take place on March 4, 2021. On the date of the deposition plaintiff refused to attend. He was under the impression that the court had not issued a ruling on his motion to vacate or stay the deposition. The deposition did not take place as scheduled. Defendants have filed a motion to compel plaintiff to provide deposition testimony and for sanctions. seeking monetary sanctions to compensate for the cost of the court reporter's late cancellation fee as well as the attorney's fees for preparing the motion to compel. (ECF No. 67.) Plaintiff has filed and opposition (ECF No. 68) and defendants have filed a reply (ECF No. 69).

**II.     Motion to Compel, for Sanctions, and to Modify the Schedule**

   **A. Defendants' Motion**

Defendants state that plaintiff refused to leave his cell to attend the deposition. (ECF No. 67 at 3.) The deposition was cancelled. (Id. at 4.) They argue the court should impose sanctions because plaintiff's reasons for refusing to attend the deposition are unfounded and needlessly delayed this action. (Id.) Defendants argue plaintiff's actions warrant the imposition of monetary sanctions to compensate for the cost of the court reporter's late cancellation fee as well as the attorney's fees for preparing the motion to compel. (Id. at 5.)

////

1 Defendants further seek to modify the discovery and scheduling order to allow additional time to
2 take plaintiff's deposition. (Id. at 6.)

### B. Plaintiff's Opposition

In opposition plaintiff states that he had not received notice that his motion to vacate the deposition had been resolved on the date the deposition was to take place. Plaintiff indicates he received the court's March 1, 2021 order (ECF No. 66) two days after the deposition date.

Plaintiff further argues that he has requested "2 clear containers [and] 1 white apple box with blue and red lettering," and would like to have those items "in his assigned cell for 5-10 days, permitting time for helpful inmates to read [the] documents' contents thus allowing the correct ones to be selected." (ECF No. 68 at 2.)

Plaintiff feels defendants should have produced a different report on COVID-19 cases. (Id. at 3-4.) He claims defendants should have reported the total number of COVID-19 cases since the start of the pandemic rather than the number of active cases at the time the deposition was set to take place. (Id. at 9.)

He alleges that the prison withholds auxiliary hearing aids except for depositions for the attorney general's convenience when the underlying claim in this action is that defendants have failed to adequately accommodate his disabilities. Plaintiff alleges he has not attached updated medical records because his exhibits are neither read nor considered.[1]

Plaintiff is advised that the court found plaintiff stated a cognizable retaliation claim. (See ECF No. 23 at 4-8.) None of the other allegations in the second amended complaint, including those regarding his rights under the Americans with Disabilities Act (ADA), stated a claim. (Id.) Plaintiff was given the option to file an amended complaint but declined to do so.

He argues he should not be required to leave his cell to attend a deposition when he has had numerous medical appointments cancelled because of the pandemic. (ECF No. 68 at 4.) He speculates that he will be placed in a room with 6-10 prison staff members for the deposition.

---

[1] Plaintiff is advised that the court has limited resources and the declination to address each and every contention raised in his motions should not be construed to mean that the court has not read and considered his motions in their entirety. Rather, the court endeavors to address those issues that are factually and legally relevant in resolving motions.

(Id.) Plaintiff states he requires three correctional officers to get him out of his cell, three to four guards to escort him to another set of three to four officers in the next building, and then there will be another set of officers in the videoconference room. (Id. at 11.) Thus, he alleges leaving his cell to attend a deposition would expose him to over twenty prison staff members. He claims that COVID-19 was brought into prison facilities by prison staff. He claims the only reason he has not contracted COVID-19 is because he has remained in his cell. (Id. at 12.) He states he is ninety years old with pre-existing medical conditions and thus, should not be required to break his quarantine to attend the deposition. (Id. at 4, 12.)

Finally, plaintiff alleges that he will not proceed in this action without: (1) "[a]dequate auxiliary ADA aids for vision and hearing;" (2) "[t]wo (2) clear starlite containers and white apple box, with original contents intact, 'brought over' to his assigned cell for 3-7 days for sorting and help (due to vision) for case files, work product, Rutters Federal Civil Procedure Before Trial, etc.;" and (3) "[r]e-scheduling deposition fifteen (15) days after the above, and within plaintiff's quarantined cellhouse C3B at CHCF." (Id. at 13.)

### C. Defendants' Reply

Defendants argue in the reply that plaintiff has been able to hear counsel and the court in previous discussions over the phone and via videoconferencing. They state that plaintiff's demands for attending a deposition cannot be met. They further argue that plaintiff's stated reasons for his failure to appear at the properly noticed deposition "baseless" and "only serve to unreasonably delay the discovery process." (ECF No. 69 at 3.)

### III. Legal Standards

As plaintiff was advised in the December 15, 2020 Discovery and Scheduling Order (DSO), pursuant to Federal Rule of Civil Procedure 30(a) defendants may depose him upon the condition that at least fourteen days before such a deposition, defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). (ECF No. 57 at 5.)

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of

the court . . . ."[2]  Fed. R. Civ. P. 30(a).  A failure to participate in discovery is in violation of Federal Rules of Civil Procedure 30 and 37.  Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

### IV.     Analysis

The court finds that plaintiff's allegation that he cannot participate in a deposition because he does not have access to all the documents he needs is not sufficient to show that he should not be compelled to attend a deposition.  See Smith v. Chanelo, No. 1:18-cv-1356 NONE BAM (PC), 2020 WL 1288402 at *5 (E.D. Cal. Ma. 18, 2020) (stating that plaintiff must still attend a properly noticed deposition even if through no fault of his own he does not have his legal papers).  Plaintiff has been informed of the CHCF procedure through which he may access documents that are presently in storage.  Plaintiff's filing makes clear that he would like to have all of his property brought to him and be granted several days to sift through the documents.  However, neither his preference for a method that is more convenient to him nor his unwillingness to comply with CHCF's procedures entitle plaintiff to avoid appearance at a properly noticed deposition.

Additionally, plaintiff's allegation that his disabilities have not been adequately accommodated do not show that he should not be compelled to attend a properly noticed deposition.  Plaintiff does not deny that effective communication can be established through use of a pocket talker.  Rather, he argues that he should have access to a pocket talker at all times.  Accordingly, plaintiff has failed to establish that his hearing disability prevents him from being able to meaningfully participate in a deposition.

Plaintiff's concerns regarding the risk of contracting COVID-19 when attending a deposition have merit, particularly given his advanced age and underlying medical conditions.  Accordingly, the court will deny defendants' request to impose sanctions.  The parties will be directed to meet and confer regarding an acceptable method for taking plaintiff's deposition.

---

[2] Plaintiff was also advised in the court's December 15, 2020 Discovery and Scheduling Order (DSO) that defendants may depose him upon the condition that at least fourteen days before such a deposition, defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  (See ECF No. 57 at 5.)

1   ////

2      Plaintiff has raised the possibility of deposition by written questions in his opposition.

3   (ECF No. 68 at 5.)  Federal Rule of Civil Procedure, 31(a)(1), allows parties to be examined by

4   way of written questions.  Typically, a deponent answers written deposition questions orally, in

5   the presence of a court officer.  However, in the interest of justice and in light of the ongoing

6   pandemic, should the parties opt to proceed via deposition by written questions, the court would

7   consider modifying the procedure to allow plaintiff to provide verified written answers.  See

8   Roby v. Stewart, No. C 08-1113 CW (PR), 2013 WL 1636375 at *2 (N.D. Cal. Apr. 16, 2013)

9   (granting plaintiff leave to conduct deposition by written questions and foregoing appointment of

10  a court officer in favor of allowing witnesses to verify their written responses as parties would

11  with answers to interrogatories).  Deposition by written question could allow defendants to obtain

12  the same information as an oral deposition without the risk to plaintiff of exposure to COVID-19.

**V.**  **Conclusion**

  For the reasons set forth above, IT IS HEREBY ORDERED that defendants' motion to compel, for sanctions, and to modify the discovery and scheduling order (ECF No. 67) is granted in part and denied in part as follows:

  1. Defendants' motion to compel plaintiff's deposition testimony is granted.

    a. Plaintiff is required to participate in a properly noticed deposition.  However, in order to ensure plaintiff's deposition can be taken safely in light of the COVID-19 pandemic, the parties are directed to meet and confer regarding an acceptable method for taking plaintiff's deposition.

    b. Within thirty days of the date of this order defendants shall file and serve a statement reflecting the results of that conversation, including any necessary declarations.

  2. Defendants' motion for sanctions is denied.

  3. Defendant's request to modify the Discovery and Scheduling Order is granted.  The parties may conduct discovery until May 16, 2021.  Any motions to compel discovery shall be

////

filed by that date.  All pretrial motions, except motions to compel discovery, shall be filed on or before July 16, 2021.

Dated:  April 20, 2021

.

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/Orders/Prisoner/Civil.Rights/walk1764.D.mot.compel